## ÆTNA CASUALTY & SURETY CO. OF HARTFORD, CONN., v. PORTER.

### Civ. A. No. 5435.

District Court, E. D. Pennsylvania.
Jan. 22, 1946.

Rawle & Henderson and Harrison G. Kildare, all of Philadelphia, Pa., for plaintiff.

Bryan A. Hermes, of Philadelphia, Pa., for defendant.

KENNEDY, District Judge.

This case is before the Court on motion of the defendant for a more definite statement of the complaint. By the complaint

it appears that the defendant is being sued by the plaintiff for the recovery of a specific amount which it is alleged it paid upon demand for an alleged embezzlement by the defendant of funds belonging to his employer, Markheim-Chalmers-Ludington, Inc., a corporation, for which the plaintiff was surety under a blanket fidelity bond. It is alleged that the obligee of. the bond reported the alleged embezzlement of funds by the defendant and in connection with the claim for indemnity under the bond, furnished the plaintiff with a specific statement of the several items going to make up the claim for which settlement was sought and that thereafter, in response to the claim and demand of the obligee, the plaintiff made settlement in a specific amount the recovery of which is sought.

Attached to the complaint is a copy of the bond and also, as an exhibit, the specific items reported by the obligee going to make up the total which was demanded of and paid by plaintiff. Also attached to the complaint is an assignment of all the right, title and interest of the obligee in respect to its loss, with full power of attorney to the plaintiff to collect of the defendant all items of loss by way of recoupment.

Under his motion for a more definite statement, the defendant contends that it is incumbent upon the plaintiff to allege a direct embezzlement or misappropriation of funds of his employer, the obligee in the bond, by the defendant instead of basing plaintiff's claim upon a mere statement of a reported loss arising from the alleged embezzlement.

I see no virtue in this demand for a more specific statement. It is apparent that all the necessary features of the alleged embezzlement and loss, together with the payment of it by the plaintiff under its obligation to the obligee in the bond, with every detail in connection therewith is furnished upon which defendant may base his defenses. This is sufficient under the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, as a basis for the cause of action. There is set forth the loss reported by the obligee growing out of the alleged embezzlement by the defendant, the amount paid by the plaintiff and the assignment by which the plaintiff has become subrogated to the rights of the obligee for the recovery of the embezzled funds. The determination of the rights of the plaintiff to such recovery may be ascertained upon the issue tendered.

The Court is not interested in the matter of forcing the plaintiff into a situation where, by direct allegations, it must be required to charge directly the embezzlement by the defendant so as to make the position of the plaintiff more hazardous. Equivalent allegations in civil proceedings are frequently made on the basis of information and belief, coupled with the source of such information, which is fully complied with by the complaint here.

For the reasons stated the motion for a more definite statement will be overruled and the defendant will be given 20 days from this date within which to plead.